IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAULINO AGUILERA-SANDOVAL § | |
| § | |
| v. § | A-14-CV-659 LY |
| § | |
| MIKE PEARCE, WARDEN, FEDERAL § | |
| CORRECTIONAL INSTITUTE, § | |
| BASTROP, TEXAS § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Paulino Aguilera-Sandoval's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Respondent Mike Pearce's Response (Dkt. No. 16); and Petitioner's Reply (Dkt. No. 19). The Magistrate Judge submits this Report and Recommendation[1] to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On January 29, 2009, Paulino Aguilera-Sandoval (Aguilera-Sandoval") was arrested by Plano police on the charge of Engaging in Organized Criminal Activity. At the time of his arrest, Aguilera-

---

[1]The undersigned previously issued an R&R in this case recommending that the Petition be dismissed without prejudice for failure to prosecute under Rule 41(b), because Aguilera-Sandoval had failed to submit the filing fee in this case by the deadline. *See* Clerk's Dkt. No. 7. After the Court issued its R&R, however, Petitioner filed his Objections to the R&R explaining that the filing fee was delayed due to an inmate account error. Accordingly, the District Court rejected the R&R and re-referred the case to the undersigned. *See* Clerk's Dkt. No. 12.

Sandoval was on parole from the State of Texas for the state offenses of Murder with a Deadly Weapon and Aggravated Assault with a Deadly Weapon.

On February 11, 2009, Aguilera-Sandoval was indicted in the Eastern District of Texas, Sherman Division, for conspiracy to possess with intent to distribute Cocaine, in violation of 21 U.S.C. § 846. *See* Dkt. No. 39 in 4:09-CR-00023(14). Because Aguilera-Sandoval was in Dallas County custody at the time of the indictment, the District Court issued an Order for Writ and Writ of Habeas Corpus Ad Prosequendum on February 18, 2009, to temporarily take him into federal custody to face the federal charges. *See* Crim. Dkt. No. 81. After Aguilera-Sandoval pleaded guilty, pursuant to a Plea Agreement, the District Court sentenced him to a 262-month term of imprisonment, followed by a five-year term of supervised release and a $100 special assessment fee. *See* Crim. Dkt. No. 615.

After Aguilera-Sandoval filed a direct appeal of his conviction and sentence, the Parties filed a Joint Motion to Remand the case for Resentencing in light of the Fifth Circuit's decision in *United States v. Roberts*, 624 F.3d 241 (5th Cir. 2010) (finding that the prosecutor violated the plea agreement by arguing that the career offender enhancement should apply after agreeing to a different, lower base offense level in the plea agreement). On May 2, 2011, the Fifth Circuit granted the Joint Motion and remanded the case for resentencing. *See* Crim. Dkt. No. 664. On November 15, 2012, the District Court issued an Amended Judgment sentencing Aguilera-Sandoval to a 262-month term of imprisonment, followed by a five-year term of supervised release and a $100 special assessment fee. *See* Crim. Dkt. No. 709.

Aguilera-Sandoval filed a direct appeal of the Amended Judgment, arguing that the District Court erred at his resentencing by failing to order specific performance of the plea agreement, by

modifying the plea agreement through the court's refusal to apply the agreed-upon base offense level of 32, and by imposing an unreasonable sentence in light of the Government's alleged breach of the plea agreement. On August 12, 2013, the Fifth Circuit rejected these arguments and affirmed the District Court's Amended Judgment. *See* Crim. Dkt. No. 740. On December 2, 2013, the Supreme Court denied Aguilera-Sandoval's Petition for writ of certiorari. *See* 134 S.Ct. 719.

On March 21, 2014, Aguilera-Sandoval filed a Petition for Nunc Pro Tunc Designation asking the District Court to grant him credit against his federal sentence for time served from March 20, 2009 through February 7, 2012. The District Court denied the Motion and clarified that Aguilera-Sandoval's "federal sentence is deemed to run consecutively to his state sentences." Crim. Dkt. No. 762. Aguilera-Sandoval has now filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, once again arguing that he is entitled to credit against his federal sentence for time served in custody from February 3, 2009, through March 11, 2011.[2]

## II. ANALYSIS

Aguilera-Sandoval argues that the Federal Bureau of Prisons ("BOP") erroneously calculated his federal sentence by failing to grant him credit against that sentence for time spent in county and state custody from February 3, 2009, through March 11, 2011. This claim is without merit because Aguilera-Sandoval he has already received credit toward his state sentence for the time period at issue.

18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

---

[2] Aguilera-Sandoval has also filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 which is currently pending before the District Court in the Eastern District of Texas. *See* Crim. Dkt. No. 795.

commences . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). When it enacted § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The record in this case shows that the time period from February 3, 2009, through March 11, 2011, has already been credited toward Aguilera-Sandoval's state sentence. *See* Exh. 1 to Dkt. No. 16. As the Sentencing Court clarified in its Order denying Aguilera-Sandoval's petition for nunc pro tunc designation, Aguilera-Sandoval's federal sentence was ordered to run consecutively—not concurrently—with his state sentence. *See* Crim. Dkt. No. 762 ("Defendant's federal sentence is deemed to run consecutively to his state sentences"). "Indeed, a federal sentence cannot begin prior to the date it is announced, and a district court does not have the authority to order a federal sentence to run absolutely concurrently with a sentence that began before the imposition of the federal sentence." *Torralba v. Pearson*, 537 F. App'x 402, 03 (5th Cir. 2013).

Because Aguilera-Sandoval has already received credit toward his state sentence for the time spent in custody from February 3, 2009, through March 11, 2011, pursuant to § 3585(b) he is not entitled to receive additional credit toward his federal sentence. *See Roe v. Chandler*, 595 F. App'x. 451 (5th Cir. 2015) (finding that petitioner was not entitled to credit toward his federal sentence since it was previously credited toward his state sentence citing § 3585(b)). Accordingly, Aguilera-Sandova's § 2241 Petition is without merit and should be denied.

### III. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Judge **DENY** Paulino Aguilera-Sandoval's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(Dkt. # 1).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of June, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE